```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

JOSE VELEZ,

       Plaintiff,
v.                         Case No. 8:18-cv-310-T-33TGW

TZADIK PROPERTIES LLC,

       Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to the parties' Joint Motion to Approve Settlement and to Dismiss with Prejudice (Doc. # 17), which was filed on May 17, 2018. The Court grants the Motion.

**I.   Background**

Plaintiff Jose Velez filed this Fair Labor Standards Act case on February 6, 2018. (Doc. # 1). On February 21, 2018, the Court issued its FLSA Scheduling Order, which also referred the case to a mediation with Mark Hanley, Esq. (Doc. # 7). Defendant Tzadik Properties LLC filed an Answer and Affirmative Defenses on March 5, 2018. (Doc. # 8).

Plaintiff filed Answers to the Court's Interrogatories on March 26, 2018 (Doc. # 11). On April 10, 2018, Defendant filed its Verified Summary of Hours Worked by Plaintiff. (Doc. # 12). On May 10, 2018, the parties reported that they reached a full settlement. (Doc. # 15). At the Court's direction, the parties have filed a Motion for Court approval of their

settlement. (Doc. # 17).

## II. Analysis

Plaintiff alleges that Defendant violated the overtime provisions of the Fair Labor Standards Act. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties have reached a settlement wherein it is agreed that Plaintiff will receive $2,927.50 for unpaid wages, $2,927.50 for liquidated damages, and $200.00 as other consideration. It has also been agreed that Plaintiff's counsel will receive $3,500.00 in attorney's fees and costs.

In the Motion, the parties represent that the attorney's fees to be paid to counsel were negotiated separately and without regard to the amount to be paid to Plaintiff for alleged FLSA violations. Pursuant to Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1] The settlement is fair on its face and

---

[1] In Bonetti, the court explained: "if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and

2

represents a reasonable compromise of the parties' dispute.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) The Joint Motion to Approve Settlement and to Dismiss with Prejudice (Doc. # 17) is **GRANTED**.

(2) The parties' settlement is approved. This case is **DISMISSED WITH PREJUDICE.**

(3) The Clerk is directed to **CLOSE THE CASE**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of May, 2018.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

---

without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." 715 F. Supp. 2d at 1228.